UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAH L. BAKER,

     Plaintiff,

v.                    Case No. 6:14-CV-1263 (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.
_____

APPEARANCES:              OF COUNSEL:

RODRIGUEZ & ASSOCIATES       STEPHEN T. RODRIGUEZ, ESQ.
 Counsel for Plaintiff
100 West Ave
Saratoga Springs, NY 12866-2141

U.S. SOCIAL SECURITY ADMIN.      EMILY M. FISHMAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

  Currently before the Court, in this Social Security action filed by Sara L. Baker ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, filed November 3, 2015, recommending that Plaintiff's motion for judgment on the pleadings be granted to the extent that Plaintiff seeks remand under Sentence Four of 42 U.S.C. § 405(g), and that Defendant's motion for judgment on the pleadings be denied. (Dkt. No. 12.) Objections to the Report and Recommendation have not

been filed, and the time in which to do so has expired.  (*See generally*, Docket Sheet.)

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C).  When no objection is made to a report and recommendation, the Court subjects that report and recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation.  Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 12.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 12) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that the Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**, and the Commissioner's determination is **VACATED**; and it is further

**ORDERED** that the matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the specific instructions outlined in the Report and Recommendation.

Dated: November 25, 2015
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge